IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 14-cv-02788-PAB-MEH

ALEXANDER HILLMAN,

    Plaintiff,

v.

BRIAN WILKINSON and
DAVID PIERMATTEI,

    Defendants.

---

## MINUTE ORDER

---

**Entered by Judge Philip A. Brimmer**

    This matter is before the Court on the Joint Motion to Dismiss Individually Named Defendants with Prejudice [Docket No. 68]. The parties seek to dismiss the individually named defendants and state that the City of Wheat Ridge will remain as a defendant in this action. The City of Wheat Ridge, however, is not currently a named defendant in this case. The Court, on the parties' stipulated motion, dismissed the City of Wheat Ridge in an order dated May 28, 2015. *See* Docket No. 54. That order remains in effect. Plaintiff attempted to reinstate the City of Wheat Ridge as a defendant by filing a proposed Second Amended Complaint. *See* Docket No. 66. As such, the Court construes the parties' joint motion as including a request to accept the proposed Second Amended Complaint and thereby add the City of Wheat Ridge as a party. That request will be granted, and the City of Wheat Ridge will be added as a defendant in this action.

    Regarding the parties' request to dismiss defendants Wilkinson and Piermattei, despite Rule 41(a)(1)'s reference to the dismissal of an "action," the weight of authority permits a dismissal of all claims pursuant to Rule 41(a)(1)(A) against fewer than all defendants. *See Montoya v. FedEx Ground Package System, Inc.*, 614 F.3d 145, 148 (5th Cir. 2010); *Blaize-Sampeur v. McDowell*, 2007 WL 1958909, at *2 (E.D.N.Y. June 29, 2007) (noting that, although the Second Circuit had previously stated otherwise, it had "since adopted the approach of the majority of courts in other circuits – that is, that Rule 41(a) does not require dismissal of the action in its entirety" and permits dismissal of all claims as to a single defendant). Furthermore, "[*u*]*nless the notice or stipulation states otherwise*, the dismissal is without prejudice." Fed. R. Civ. P. 41(a)(1)(B) (emphasis added). Here, however, the parties have agreed to the dismissal of this action as to defendants Wilkinson and Piermattei with prejudice. Based on the parties'

joint motion, the case will be dismissed with prejudice as to those defendants.

Wherefore, it is

**ORDERED** that plaintiff's proposed second amended complaint [Docket No. 66-1] is **ACCEPTED**. It is further

**ORDERED** that plaintiff Alexander Hillman and defendants Brian Wilkinson and David Piermattei's Joint Motion to Dismiss Individually Named Defendants With Prejudice [Docket No. 68] is **GRANTED**. It is further

**ORDERED** that, pursuant to Fed. R. Civ. P. 41(a), all claims asserted against defendants Brian Wilkinson and David Piermattei are dismissed with prejudice, with each party to bear its own attorneys' fees and costs.

DATED August 14, 2015.